Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
mfc@caseybarnett.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WOLFES & VON ETZDORF
ASSECURANZBUREAU OHG a/s/o AGRICOLA
CERRO PRIETO, S.A., and a/s/o INDEX FRESH,
INC.                                                                              19 Civ.

      Plaintiff,
                                                              **COMPLAINT**

   - against –

MAERSK LINE A/S d/b/a MAERSK LINE

      Defendant.
------------------------------------------------------------X

Plaintiff, WOLFES & VON ETZDORF ASSECURANZBUREAU a/s/o Empacadora y Procesadora Huamani S.A.C., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

### PARTIES

2.     At all material times, Wolfes & Von Etzdorf Assecuranzbureau OHG (hereinafter "WVE" or "Plaintiff") was and is a corporation with an office and place of business located at Oberhafenstrasse 1, Hamburg, 20097 Germany, and is the subrogated underwriter of a consignment of Fresh Avocados, as more specifically described below.

3.      At all material times, Agricola Cerro Prieto, S.A., (hereinafter "ACP" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at Cal. Dean Valdivia 111, San Isidro, Lima, Peru and was the owner/shipper of a consignment of Fresh Avocados, as more specifically described below.

4.      At all material times, Index Fresh, Inc., (hereinafter "IFI" or "Plaintiff") was and is a corporation organized and existing by virtue of the laws of a foreign country with an office and place of business located at 3880 Lemon Street, Riverside, CA 92501 and was the owner/consignee of a consignment of Fresh Avocados, as more specifically described below.

5.      At all material times, defendant, Maersk Line A/S d/b/a Maersk Line (hereinafter "Maersk" or "Defendant") was and is a corporation organized and existing by virtue of the laws of a foreign state with an office and place of business located at 180 Park Avenue, Florham Park, New Jersey 07932, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

6.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## RELEVANT FACTS

7.      Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 6, as if herein set forth at length.

8.      On or about June 28, 2018, a consignment consisting of 1,920 Cases Fresh Avocados, laden in refrigerated container MMAU 1260774, then being in good order and condition, was delivered to Maersk and/or its agents in Paita, Peru by cargo shipper ACP. The

cargo was booked for transit on board the M/V SEALAND BALBOA in Callao destined for Philadelphia, Pennsylvania, all in consideration of an agreed upon freight, and in consideration of Maersk maintaining a supply air temperature of 6.0°C and controlled atmosphere settings of 4% O2 and 6% CO2 at all times, all pursuant to Maersk bill of lading SEAU SLD891081 dated June 28, 2018.

9. Thereafter the container was loaded on board the M/V SEALAND BALBOA on or about June 28, 2018, Maersk bill of lading SEAU SLD891081 was issued and the vessel sailed for her intended destination.

10. On July 4, 2018 container MMAU 1260774 was discharged from the M/V SEALAND BALBOA in Manzanillo, Panama for transshipment purposes.

11. On or about July 9, 2018, Container MMAU 1260774 was loaded on board the M/V CAP ROBERTA for transit to Philadelphia.

12. The container was discharged in Philadelphia on July 16, 2018.

13. At the time of discharge, it was determined that Maersk had failed to comply with the temperature requirements and/or the controlled atmosphere requirements during transit.

14. Upon delivery of the cargo to the receiver, and as a result of the temperature abuse and delay in transit, the consignment was not in the same good order and condition as when received by defendant, but instead had suffered physical damage while in said defendant's care, custody and control.

15. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendant and/or its agents.

16. The fair market value of the consignment in Philadelphia was $73,506.69. Plaintiff was able to salvage the cargo for $7,967.79, resulting in cargo damages in the amount of $65,538.90. In addition, plaintiffs incurred expenses in the amount of $16,118.38 in sorting, dumping and inspection charges due to defendant's failure to properly care for the cargo.

17. As a result of the foregoing, Plaintiffs suffered damages in the amount of $81,657.28.

18. At all times relevant hereto, a contract of insurance for property damage was in effect between ACP, IFI and WVE, which provided coverage for, among other things, loss or damage to the aforementioned consignment of Fresh Avocados.

19. Pursuant to the aforementioned contract of insurance between ACP, IFI and WVE, monies have been expended on behalf of ACP and IFI to the detriment of WVE due to the damages sustained during transit.

20. As WVE has sustained damages as a result of said expenditures, expenditures rightly the responsibility of defendant, WVE has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

21. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $81,657.28.

### AS AND FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 21, inclusive, as if herein set forth at length.

23.     Pursuant to the contract of carriage entered into by and between the parties, the defendant owed contractual and statutory duties to the aforementioned cargo owner to carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

24.     The Defendant breached its contractual and statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

25.     As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $81,657.28.

26.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $81,657.28.

## AS AND FOR A SECOND CAUSE OF ACTION

27.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26, inclusive, as if herein set forth at length.

28.     At the time of the aforementioned incident, defendant together with the entities they hired to act on their behalf, were acting as bailees of the aforementioned cargoes and in their own capacity, or through their contractors, agents, servants, or sub-bailees, had a duty to safely and properly keep, care for and deliver the shipment in the same good order and condition as when entrusted to them. Defendant also had a duty to ensure that the services provided for the shipment were performed with reasonable care and in a non-negligent and workmanlike manner.

29. Defendant breached its duties and obligations as bailee by failing to properly carry, bail keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

30. As a direct and proximate result of said breach of contract by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $81,657.28.

31. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $81,657.28.

## AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31, inclusive, as if herein set forth at length.

33. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the aforementioned cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

34. The Defendant breached and was negligent in exercising its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargoes in the same good order and condition as at the time said Defendant first accepted custody and control of the goods.

35. As a direct and proximate result of the negligent acts committed by Defendant, the Plaintiff has suffered damages presently estimated to be no less than $81,657.28.

36. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $81,657.28.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $81,657.28 plus interest and costs; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
May 6, 2019
289-114

                                        **CASEY & BARNETT, LLC**
                                        Attorneys for Plaintiff

By: _/s/ Martin F. Casey_
      Martin F. Casey
      305 Broadway, Ste 1202
      New York, New York 10007
      (212) 286-0225